**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| Building Materials Corporation of America | ) | |
| Asphalt Roofing Shingle Products Liability | ) | MDL No.: 8:11-mn-02000-JMC |
| Litigation, | ) | |
| ——————————————————— | ) | |
| | ) | |
| Diane Haner, on behalf of herself | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 8:11-cv-02926-JMC |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Building Materials Corporation of America, | ) | |
| dba GAF Materials Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |

This matter is before the court on Defendant Building Materials Corporation of America,

doing business as GAF Materials Corporation's ("GAF"), Motion to Dismiss the First Amended

Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 35].

Extensive memoranda in support of and in opposition to this motion have been filed by the

parties.    Having considered the written arguments of the parties and the record before the court,

GAF's motion is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

GAF is a Delaware corporation with its principal place of business in Wayne, New

Jersey.  It manufactures roofing materials, including asphalt roofing shingles marketed under the

Timberline® brand name, in facilities located across the United States and sells these shingles

nationwide.  Plaintiff Diane Haner ("Haner") is a homeowner in North St. Paul, Minnesota, who

1

alleges that her home is roofed with defective Timberline shingles.    Pursuant to Haner's

warranty claim submission form, the shingles were purchased in or around September 1999.  In

purchasing the shingles, Haner contends that she and her installing contractor relied on certain

representations made by GAF and its agents including, but not limited to, promotional statements

marketing the shingles as having superior durability qualities and expressly warranting on the

shingle packaging that the product complied with ASTM International ("ASTM") industrial

standard D3462.  She further alleges that the shingles installed on her roof were manufactured

and sold to her with a latent defect that causes the shingles to prematurely crack, of which GAF

was aware but intentionally failed to disclose to Haner and other consumers.  Haner brings this

putative class action against GAF asserting claims for breach of express and implied warranties

(counts I and II);  negligence and negligent failure to warn (counts III and IV); violation of the

New Jersey Consumer Fraud Act ("NJCFA") (count V); violation of the Minnesota Consumer

Protection Act ("MCPA") and Minnesota statutes prohibiting unlawful or deceptive trade

practices and false advertising (counts VI, VII, VIII, and IX); fraudulent concealment/equitable

tolling (count XI); and declaratory and injunctive relief (count X) arising from GAF's sale of the

allegedly defective roofing shingles.

## LEGAL STANDARD

**Standard of Review**

        To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

relief."    FED. R. CIV. P. 8(a)(2).    Although Rule 8(a) does not require "detailed factual

allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (citations omitted).  Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor.  *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).  The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1]  Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to

---

[1] A court may consider documents attached to a motion to dismiss if such documents are integral to and explicitly relied on by the plaintiff in the complaint, provided that the plaintiff does not dispute the authenticity of the documents.  *See Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*, 406 F.3d 1052, 1063 n.3 (8th Cir. 2005) (noting that the court could consider a document on a motion to dismiss "even though it was not expressly part of the pleadings, because it was incorporated into the pleadings by reference").  Upon review of the Amended Complaint, it appears that Haner expressly references the filing of her warranty claim and extensively quotes language from the text of the claim in support for her causes of action against GAF.  *See* Amended Complaint, at ¶¶ 131-33 [Dkt. No. 33].  Accordingly, the court finds that it may consider the warranty claim in assessing GAF's motion.

relief." *Iqbal*, 556 U.S. at 679.

**Choice of Law**

"This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. For diversity cases that are transferred in a [multi-district litigation], the law of the transferor district follows the case to the transferee district." *In re MI Windows and Doors, Inc. Prod. Liab. Litig.*, Nos. 2:12–mn–00001, 2:12–cv–01256–DCN, 2012 WL 4846987, at *1 (D.S.C. Oct. 11, 2012) (citing *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010) and *Manual for Complex Litigation Fourth* § 20.132). This case was originally filed in the United States District Court for the District of Minnesota. Therefore, Minnesota's choice of law rules apply in this case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) (per curiam); *Retail Associates, Inc. v. Macy's East, Inc.,* 245 F.3d 694, 697 (8th Cir. 2001) (citing *Gateway W. Ry. Co. v. Morrison Metalweld Process Corp.*, 46 F.3d 860, 863 (8th Cir. 1995)). Courts applying Minnesota law have found it appropriate to resolve choice of law issues on a motion to dismiss. *See Whitney v. Guys, Inc.*, 700 F.3d 1118, 1121 (8th Cir. 2012) (discussing the district court's choice of law analysis in deciding an appeal of the district court's ruling on a motion to dismiss); *see also Warren E. Johnson Cos. v. Unified Brand, Inc.*, 735 F. Supp. 2d 1099, 1104 (D. Minn. 2010).

Haner has essentially conceded the applicability of Minnesota law in all claims except the NJCFA claim as she primarily relies on law from the United States Court of Appeals for the Eighth Circuit, the United States District Court in Minnesota, and Minnesota state law throughout her response memorandum and only challenges the choice of law issue as it applies to the NJCFA claim. Accordingly, the court will focus its analysis of the choice of law issue on

4

the NJCFA claim.

## DISCUSSION

**Timeliness of Legal Action**

### A. Statute of Repose

GAF asserts that Haner's Minnesota law claims are barred by Minnesota's ten-year statute of repose applicable to improvements to real property. *See* Minn. Stat. § 541.051 (2007). Haner refutes GAF's position, contending that GAF waived its statute of repose arguments by issuing an express warranty extending coverage for the shingles far beyond the statutory limit. *See* Plaintiffs' Omnibus Opposition to GAF's Motion to Dismiss Based on Warranty and Repose Arguments ("Plaintiffs' Omnibus Memorandum") [MDL No. 8:11-mn-02000-JMC, Dkt. No. 71].

Unlike a statute of limitations, which merely limits the time in which a party may pursue a remedy, "[a]statute of repose . . . is intended to eliminate the cause of action." *Weston v. McWilliams & Assoc., Inc.*, 716 N.W.2d 634, 641 (Minn. 2006). Minn. Stat. § 541.051 provides, in relevant part, that

> Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury, nor in any event shall such a cause of action accrue more than ten years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or the owner's representative can occupy or use the improvement for the intended purpose.

*Id*. at subd. 1.[2]

In this case, the warranty claim submitted by Haner to GAF indicates that the shingles at issue were purchased and installed in 1999 to repair or replace previous roofing material. Accordingly, substantial completion for purposes of the statute of repose occurred upon installation of the Timberline shingles in 1999. Haner filed the instant claim in October 2011 – more than ten years after substantial completion. Therefore, Haner filed her claim outside the statute of repose.

However, the statute specifically excepts cases involving fraud. *Id*. at subd. 1. Courts have held that the "fraud" required under the Minnesota statute of repose must essentially consist of fraudulent concealment which prevents the plaintiff from discovering the claim. *Appletree Square 1 Ltd. Partnership v. W.R. Grace & Co*., 815 F. Supp. 1266, 1275 (D. Minn. 1993). Here, Haner has alleged that her Minnesota law causes of action against GAF are based – at least in part – on GAF's representations concerning the ASTM certifications affixed to the product packaging and the GAF Smart Choice Shingle Limited Warranty ("Smart Choice Warranty") [Dkt. No. 35-8][3] extending the warranty of the product beyond the statute of repose provided by Minnesota law. In her Amended Complaint, Haner alleges that GAF affirmatively misrepresented the quality of its product by marketing and labeling its shingles as ASTM and code compliant despite GAF's alleged knowledge that such representations were false. *See*

---

[2] The court assumes without deciding that Minn. Stat. § 541.051 is the relevant statute of repose for this action. Haner does not dispute GAF's assertion of Minn. Stat. § 541.051 as the applicable statute of repose, but only generally argues that the statute of repose does not bar her claims.

[3] The GAF Smart Choice Shingle Limited Warranty is attached as Exhibit B to the Affidavit of Linda Marion submitted by GAF in support of its motion. Haner has not disputed the authenticity of the document and has expressly relied upon the Smart Choice Warranty in her Amended Complaint.

*generally,* Amended Complaint.  Haner further alleges that, due to the latent nature of the alleged

defect, she had no reasonable method of discovering her cause of action until the product began

to manifest an issue which would have prompted some manner of inquiry as to the source of the

problem.  *Id*.  The court finds that Haner has sufficiently alleged fraudulent concealment to

survive GAF's efforts to dismiss her claims based on the statute of repose.

Additionally, courts applying Minnesota law have acknowledged that a claimant may

bring a cause of action beyond the statute of repose for breach of express written warranties that

extend to future performance because such a cause of action does not accrue until "discovery of

the breach, which occurs when the homeowner discovers, or should have discovered, the

builder's refusal or inability" to honor the warranty terms.  *Gomez v. David A. Williams Realty &*

*Const., Inc*., 740 N.W.2d 775, 782 (Minn. App. 2007) (internal citations omitted); *see also* Minn.

Stat. § 541.051, subd. 4 ("For the purposes of actions based . . . on breach of an express written

warranty, such actions shall be brought within two years of the discovery of the breach.").

Notwithstanding GAF's extension of the express warranty period beyond the Minnesota

statute of repose for certain warranty actions, the Smart Choice Warranty also expressly limits

GAF's liability for all other claims, including those arising from implied warranties, to the

remedies provided in the Smart Choice Warranty.  This express limitation, which was readily

available for Haner to review, as it was affixed to the product packaging on which she

purportedly relied, is consistent with the application of the law in Minnesota.  *See Marvin*

*Lumber and Cedar Co. v. PPG Indus., Inc*., 223 F.3d 873, 879 (8th Cir. 2000) ("Implied

warranties cannot, by their very nature, explicitly extend to future performance.").  Accordingly,

Haner's breach of implied warranty claim is dismissed with prejudice on the ground that it is

barred by the statute of repose.   The court denies GAF's motion to dismiss Haner's other Minnesota law claims on the basis of the statute of repose as set forth above.

### B.  Statute of Limitations

GAF further contends that Haner's statutory claims for unfair/deceptive trade practices and consumer fraud fail because the statute of limitations expired before she commenced her action against GAF.

Minnesota law provides that claims based on a statutory liability are barred by a six-year statute of limitations.   *See* Minn. Stat. § 541.05, subd. 1(2) (2000).   "The six year limitations period begins to run on the date of sale and Minn. Stat. § 541.05 is not delayed based on the discovery of a potential claim."   *Thunander v. Uponor, Inc*., 887 F. Supp. 2d 850, 876 (D. Minn. 2012) (citing *Klehr v. A.O. Smith Corp*., 875 F. Supp. 1342, 1352–53 (D. Minn. 1995), *aff'd,* 87 F.3d 231 (8th Cir. 1996), *aff'd*, 521 U.S. 179 (1997)).   However, this statute of limitations is subject to equitable tolling on the basis of fraudulent concealment.   *Id*. at 869.   As discussed above, Haner has sufficiently alleged fraudulent concealment.   Therefore, the court denies GAF's request to dismiss Haner's statutory claims for unfair/deceptive trade practices and consumer fraud on this basis.

### Warranty Claims

GAF contends that the court should dismiss Haner's warranty claims because GAF effectively disclaimed all express and implied warranties except as set forth in GAF's Smart Choice Warranty.

Minnesota statutory law allows for the exclusion or modification of warranties.   Minn. Stat.  § 336.2-316 provides, in part,

> (1) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever

reasonable as consistent with each other; but subject to the provisions of this article on parol or extrinsic evidence (section 336.2-202) negation or limitation is inoperative to the extent that such construction is unreasonable.

(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

3) Notwithstanding subsection (2): (a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty. . . .

In her Amended Complaint, Haner specifically alleges that she and the installing contractor, "when purchasing GAF Timberline shingles, . . . relied on the accuracy of the designations affixed to the shingles and their packaging." Amended Complaint, at ¶ 120. As represented by Linda Marion, the Smart Choice Warranty [Dkt. No. 35-8] was also affixed to every package of GAF shingles. The Smart Choice Warranty explicitly limits coverage and provides for a "**Sole and Exclusive Warranty**" that is "EXCLUSIVE AND REPLACES ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE." *Id.* (emphasis in original).

Upon review of the disclaimer in the Smart Choice Warranty document that GAF contends was affixed to the packaging of the shingles, which Haner does not dispute, the court finds that the disclaimer complies with the statute allowing exclusion or modification of warranties. Specifically, the disclaimer appears in all capital letters directly below a heading captioned in bold type. Indeed, Haner does not even refute GAF's argument that the disclaimer

complies with the statutory requirements.  Instead, Haner argues that GAF's disclaimer and efforts to limit its express warranties fail because the Smart Choice Warranty is unconscionable.

Incorporating the arguments from Plaintiffs' Omnibus Memorandum, Haner contends that the warranty disclaimers and remedial limitations found in GAF's Smart Choice Warranty are unconscionable and unenforceable against her and members of the purported class because GAF knew of the alleged defects in the shingles when it sold them and concealed the defects from consumers to induce sales and avoid its obligations under its warranty.

Under Minnesota law, '[u]nconscionability has two aspects, procedural and substantive." *RJM Sales & Mktg., Inc. v. Banfi Products Corp*., 546 F. Supp. 1368, 1375 (D. Minn. 1982).  To demonstrate that a contract is unconscionable, "a plaintiff must demonstrate 1) that it had no meaningful choice except to accept the term or contract as offered and  2) that the term or contract was unreasonably favorable to the defendant." *Ikechi v. Verizon Wireless*, Civil No. 10–4554 (JNE/SER), 2012 WL 3079254, at *7 (D. Minn. July 6, 2012) (internal citations and quotation marks omitted).

In the Amended Complaint, Haner makes various allegations concerning the unfairness and unreasonableness of certain provisions contained in the warranty claim form, which Haner further alleges was not part of the Smart Choice Warranty attached to the shingle packaging. *See* Amended Complaint, at ¶¶131-133.  Throughout the Amended Complaint, Haner additionally alleges that GAF possessed superior knowledge concerning the condition of the shingles which she and the purported class members did not possess, thereby placing them in a significantly inferior bargaining position at the time of the purchase.  *See generally* Amended Complaint. Based on the allegations of the Amended Complaint, the court finds that Haner has sufficiently

10

alleged that the warranty disclaimer was unconscionable or unenforceable.  Therefore, the court

denies GAF's request to dismiss Haner's express warranty claims on this basis.

**Effect of Economic Loss Doctrine on Haner's Tort Claims**

As an alternative ground for dismissal, GAF contends that Haner's tort claims for

negligence and negligent failure to instruct or warn are barred by Minnesota's economic loss rule

and, therefore, the court should dismiss the causes of action.

Under Minnesota law, "[a] buyer may not bring a product defect tort claim against a

seller for compensatory damages unless a defect in the goods sold or leased caused harm to the

buyer's tangible personal property other than the goods or to the buyer's real property."   Minn.

Stat. § 604.101, subd. 3 (2000). "A buyer is limited to contract and warranty remedies if the

damages sought consist of damages to the product itself. Where, however, the defect causes

personal injury or damage to other property, the economic loss rule will not apply and a plaintiff

may seek recovery in tort." *Thunander*, 887 F. Supp. 2d at 871. (internal citations omitted).

Here, the parties dispute whether Haner has adequately alleged damage to "other

property" to survive dismissal.  GAF vigorously contends that Haner has not alleged any

damages related to the purported defect associated with the ASTM representation.  First, GAF

notes that Haner fails to allege anywhere in the Amended Complaint any specific damage to

property other than the shingles on her roof.  In support of its argument, GAF directs the court to

several allegations in the Amended Complaint where Haner alleges in a conclusory manner,

without any factual support, that she has a "real and present injury in that she owns a home with

substandard and damaged shingles that do not comply with ASTM D3462," and that the damage

"includes the cost to replace the shingles to become code compliant and to avoid further damage

to other parts of the structure," as well as "the cost of repairing the damage to . . . other property

11

that was caused by GAF's sale of defective shingles." Amended Complaint, at ¶139. Other allegations in the Amended Complaint generally refer to "damage to property other than the GAF shingles" without any indication as to what that damage may be. *Id.* at ¶ 140. Additionally, in her warranty claim, Haner notably indicated that her roof exhibited no leaking at the time of the submission of her claim.

Other than conclusory statements concerning speculative and hypothetical damage to Haner's property and that of the putative class members, the court finds that Haner has failed to sufficiently allege any damage to "other property." Additionally, it is undisputed that this case does not involve any allegations of personal injury. Without any allegation of actual injury to property other than the defective product itself and the consequential damages resulting from the replacement of the defective product, Haner has presented the court with tort actions merely sounding in negligence which fall squarely within the parameters of those actions barred by Minnesota law. Accordingly, the tort claims must be dismissed.

**Sufficiency of Allegations of Dangerous Condition of Product**

Additionally, GAF argues that Haner's negligent failure to instruct or warn cause of action fails because Haner has not adequately alleged that the shingles are dangerous.

"In general, a supplier has a duty to warn end users of a dangerous product if it is reasonably foreseeable that an injury could occur in its use." *Glorvigen v. Cirrus Design Corp.*, 816 N.W.2d 572, 582 (Minn. 2012) (citing *Gray v. Badger Mining Corp.*, 676 N.W.2d 268, 274 (Minn. 2004)). The duty to warn consists of "(1) [t]he duty to give adequate instructions for safe use; and (2) the duty to warn of dangers inherent in improper usage." *Id.* (citations omitted).

Upon review of the Amended Complaint, the court finds that Haner has made no factual allegations that the shingles at issue are unreasonably dangerous. Haner only makes a

12

conclusory and speculative allegation that the purported defect in the shingles could cause a dangerous condition to occur on the property. Accordingly, GAF's request to dismiss the negligent failure to instruct or warn cause of action is equally appropriate on this alternative ground.

**New Jersey Consumer Fraud Act**

GAF further argues that the court should dismiss Haner's NJCFA claim because she is not entitled to any relief under the statute. Specifically, GAF complains that Haner is a Minnesota resident, that she purchased and installed the subject shingles in Minnesota, and was exposed to the allegedly fraudulent statements in Minnesota; therefore, Minnesota substantive law applies to her claims in accordance with Minnesota's choice of law rules.

Minnesota employs a multi-step approach to its choice of law analysis. *Whitney*, 700 F.3d at 1123 (citing *Christian v. Birch*, 763 N.W.2d 50, 56 (Minn. App. 2009)). First, the court must determine "the different states' laws actually present a conflict." *Id*. Next, the court must evaluate whether the application of the different states' laws raises any constitutional concerns. *Id*. A court may apply a given state's substantive law to a dispute "in a constitutionally permissible manner" if that state has a "significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312–13, 101  (1981).

> The third step requires application of a multifactored test, considering the: (1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law. Courts commonly refer to these factors as "Leflar's five choice-influencing factors,"

*Whitney*, 700 F.3d at 1124 (citations and quotation marks omitted).

### A.  Existence of Actual Conflict

To determine whether Haner may proceed with her cause of action under the NJCFA, this court must first evaluate whether there is a conflict between the consumer protection laws of Minnesota and New Jersey.  Although neither party expressly addressed this threshold issue in their briefing, the court presumes that the parties intended to aver the existence of an actual conflict between the laws of the two jurisdictions concerning misleading advertising because in the absence of a conflict, Minnesota law would necessarily apply and it would have been unnecessary for the parties to address the other factors of the choice of law analysis.

The NJCFA, *see* N.J. Stat. § 56:8-1 *et seq.*, "is designed to address 'sharp practices and dealings  . . . whereby the consumer could be victimized by being lured into a purchase through fraudulent, deceptive or other similar kind of selling or advertising practices.'" *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 97 (D.N.J. 2011) (quoting *Daaleman v. Elizabethtown Gas Co.*, 77 N.J. 267, 271, 390 A.2d 566 (1978)).  To state a claim under the NJCFA, "a plaintiff must demonstrate three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss.  A party need not plead reliance under the NJCFA."  *Id*. at 446.

Monetary recovery under Minnesota's statutory prohibitions against unfair/deceptive trade practices and consumer fraud is dependent upon a showing of individual reliance.  *See Parkhill v. Minnesota Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 960 (D. Minn. 2000);  see also *301 Clifton Place L.L.C. v. 301 Clifton Place Condominium Ass'n*, 783 N.W.2d 551, 563 (Minn. App. 2010).    Given that a claim under the NJCFA does not include the element of reliance but similar claims under Minnesota laws do, there is a conflict of law.

14

### B.  Constitutional Concerns

Having determined that there exist an actual conflict between New Jersey and Minnesota unfair/deceptive trade practices and consumer protection laws, the court now turns to whether the application of the different states' laws raises any constitutional concerns.  Again, the parties failed to address this critical step in the choice of law analysis, presumably on the assumption that  both states' law could be applied without constitutional violation.

Here, GAF concedes that it maintains a principal place of business in New Jersey.  In the Amended Complaint, Haner alleges that GAF's advertising and marketing statements and representations were made or originated from GAF's headquarters in New Jersey but acknowledges that she purchased the subject shingles and was allegedly exposed to the statements and representations in Minnesota.  Based on this record, the court concludes that both states have sufficient contacts with the actions at issue in this case for the application of its substantive law to be constitutionally permissible. *See Jepson v. Gen. Cos. Co. of Wis*., 513 N.W.2d 467, 470 (Minn. 1994).

### C.  Leflar's Five Choice-Influencing Factors

In applying Leflar's five choice-influencing factors, courts have often found the determinative factor to be the maintenance of interstate order.  *See Nesladek v. Ford Motor Co*., 46 F.3d 734, 738 (8th Cir. 1995) (discussing the Leflar factors).   This factor functions "to maintain a coherent legal system in which the courts of different states strive to sustain, rather than subvert, each other's interests in areas where their own interests are less strong." *Jepson*, 513 N.W.2d at 471.   The key to the analysis of this factor is often found in weighing the

15

significance of the contacts of the action with each state.  *See Klimstra v. State Farm Auto Ins. Co.*, 891 F. Supp. 1329, 1335-36 (D. Minn. 1995).

In part B above, the court found that both states have sufficient contacts with the actions at issue in this case for the application of its substantive law to be constitutionally permissible. However, unlike the assessment above, the court must now weigh those contacts.   Again, GAF acknowledges the location of its principal place of business in New Jersey.   Taking the allegations of the Amended Complaint as true, as the court must on a motion to dismiss, the court assumes that GAF's advertising and marketing statements and representations were made or originated from GAF's headquarters in New Jersey.   However, the contact between New Jersey and the subjects of this dispute end there.  Haner alleges her exposure to the statements and representations was limited to her review of the shingle packaging in Minnesota.  Based on the allegations of the Amended Complaint, Haner allegedly became aware of and relied upon GAF's representations in Minnesota.   Additionally, the Amended Complaint alleges that the subject shingles were located in Minnesota at all relevant times of Haner's awareness and reliance on the representations.  Therefore, the court finds that the subject matter of the case has more significant contact with Minnesota than New Jersey.  Accordingly, Minnesota substantive law applies, and the court dismisses Haner's NJCFA cause of action against GAF with prejudice.

**Sufficiency of Fraud Allegations Under Federal Rule of Civil Procedure 9**

GAF seeks dismissal of all claims contained in Haner's Amended Complaint which are based on allegations of fraudulent conduct (i.e., violation the NJCFA (count V); violation of the Minnesota statutes prohibiting unlawful or deceptive trade practices and false advertising (counts VI, VII, VIII, and IX); and  fraudulent concealment/equitable tolling (count XI)).

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to satisfy Rule 9(b), plaintiffs must plead with particularity "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (citations omitted). "Put another way, the complaint must identify the who, what, where, when, and how of the alleged fraud." *United States ex rel. Joshi v. St. Luke's Hospital, Inc.,* 441 F.3d 552, 556 (8th Cir. 2006) (internal citations and quotation marks omitted).

Upon review of the Amended Complaint, the court finds that the majority of Haner's claims of fraudulent conduct do not meet the heightened standard of Rule 9(b). Although Haner's Amended Complaint contains copious allegations concerning GAF's advertising, marketing, and fraudulent concealment of information, Haner fails to specify the time, place, or manner of these alleged fraudulent activities. In fact, Haner's Amended Complaint predominantly rests on broad assertions regarding GAF's conduct in other litigation. Haner's allegations against GAF regarding its alleged statements on websites, in advertising, or in other marketing fail the pleading standard of Rule 9(b) and cannot support Haner's fraud based causes of action.

However, Haner has not made any independent claim for common law fraud. Therefore, she need plead only one allegation of fraudulent conduct with sufficient particularity to survive dismissal, which the court finds that Haner has sufficiently provided here. Specifically, Haner claims that she and anyone purchasing the shingles on her behalf relied on the written representations regarding the ASTM standards and code compliance affixed to the shingles

packaging purchased and installed on Haner's home in Florida in 1999. Haner further alleges that GAF was aware of the falsity of this representation at the time of her purchase due to their involvement in prior litigation concerning the same or similar alleged defects that concluded in 1997 and reports of cracking problems in the late 1990's. These allegations supply the necessary who, what, when, and where to meet the Rule 9(b) pleading standard.[4]  Therefore, the court will not dismiss Haner's fraud based claims to the extent they rest on her allegations concerning the representations affixed to the shingle packaging purchased and installed on her home.

**Declaratory and Injunctive Relief**

Finally, GAF seeks dismissal of Haner's claims for a declaratory judgment and injunctive relief on the basis that Haner has only asserted remedies and not independent causes of action.

It is well-established under Minnesota law that claims for declaratory and injunctive relief are more in the nature of alternative remedies that may be awarded once a party prevails on a proper cause of action, and not causes of action to be pursued independent of an underlying claim. *See Weavewood, Inc. v. S & P Home Investment, LLC.*, 821 N.W.2d 576, 579 (Minn. 2012) ("a complaint requesting declaratory relief must present a substantive cause of action 'that would be cognizable in a nondeclaratory suit.'"); *Johnson v. Paynesville Farmers Union Co-op. Oil Co.*, 817 N.W.2d 693, 713 (Minn. 2012 (recognizing that injunctive relief is a remedy and not an independent cause of action).  While Haner may request declaratory and injunctive relief as remedies where appropriate based on properly stated causes of action, the court must conclude that the Amended Complaint fails to state an independent basis for either declaratory or injunctive relief separate and apart from the other causes of action asserted in the Amended Complaint.  Therefore, the court shall consider Haner's claims for injunctive and declaratory

---

[4] The court notes that these allegations also sufficiently meet Haner's obligation to plead proximate causation for her surviving statutory claims.

relief as alternative and/or additional remedies for the causes of action already asserted but dismiss the claims as independent causes of action.

**CONCLUSION**

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** GAF Materials Corporation's Motion to Dismiss the First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 35] as set forth herein.  The court dismisses Plaintiff Diane Haner's causes of action for breach of implied warranties and violation of the New Jersey Consumer Fraud Act with prejudice.  The court further dismisses the claims for negligence and negligent failure to warn; and declaratory and injunctive relief without prejudice. Plaintiff Diane Haner may amend her complaint to address the deficiencies noted by the court within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 27, 2013
Greenville, South Carolina